**H. J. CONRATH, Doing Business as H. J. Conrath Company, Appellant, v. STAHL BROTHERS AMUSEMENT COMPANY, Bankrupt, and Edward Buckholz, Trustee under Mortgage, et al., Appellees.**

(Circuit Court of Appeals, Third Circuit. December 10, 1925.)

No. 3304.

Appeal from the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Chauncey E. Brockway, of Sharon, Pa., and Henry C. Baur, of Erie, Pa., for appellant.

T. C. Cochran, of Mercer, Pa., Davis, Fruit & Anderson, of Sharon, Pa., and Q. A. Gordon, of Mercer, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. By order of the court below the real estate of the Stahl Brothers Amusement Company, the bankrupt, was sold free and divested of liens. After payment of costs, etc., the residue of the proceeds thereof, some $28,000, was claimed by a mortgage thereon of $50,000 given by the bankrupt to the McDowell Bank. It was also claimed on a mechanic's lien by Conrath, a contractor, who had erected for the bankrupt the building thereon, and whose lien, if allowed, antedated the mortgage. Combatting the priority of Conrath's mechanic's lien, the bank produced a duly executed and recorded release of Conrath's lien and a postponement thereof in favor of its mortgage. To this Conrath replied, admitting the execution and delivery of the release, but averring it was given to the bank on the assurance and on the condition that his claim would be paid by the bank out of the proceeds of the Stahl mortgage, and that it had failed to so do. On reference to him, proofs by both claimants were heard by the referee, who held that Conrath had not established his claim of an alleged agreement by the bank, and awarded the latter the fund for distribution. On certificate, his report was confirmed by the court. Thereupon Conrath took this appeal.

It will thus be seen the case resolves itself into one of alleged error in a finding of facts by a referee, confirmed by a court. Without entering upon an analysis of the proofs and a statement of the attending circumstances, we may say we have examined them as though they were originally before us, unaffected by the findings of referee and court, and we have reached the same conclusion. The execution and the delivery of Conrath's waiver of lien in favor of the mortgage are admitted. On the faith of a verbal statement by Conrath and at Conrath's request, the bank bought the bonds issued under the mortgage, and from the $48,000 realized therefrom Stahl paid Conrath, or applied by his acquiescence, some $41,000. Such being the situation, the burden of proof rested on Conrath to show that his written release did not represent the true situation, but was given by reason of the promise of the bank to pay Stahl's indebtedness from the money raised by the mortgage.

Conrath's testimony that such promise was made by the bank's attorney is explicitly denied by the latter, and we agree with the referee that Conrath's contention "is negatived by the conduct of the parties and the other circumstances of the case," for it will be noted that at a later date in the whole transaction, namely, after Conrath's attorney, who did not know of Conrath's release, had filed his mechanic's lien, and when Conrath was then called on to give a second release, to take the place of his earlier one, which had not been drawn in proper form, he gave such second one in the most absolute form and without any suggestion of other or additional conditions. Moreover, we may say we have not overlooked the letter written to Conrath by the bank's attorney while negotiations were taking place. But it must be read in the light of the then expectation of all parties that the proceeds of the mortgage would be ample to pay the entire building costs. It was not an undertaking or assumption by him for the mortgagee of the indebtedness to arise by reason of Conrath's building contract.

Finding no error in the report of the referee, the decree of the court below, confirming it, is affirmed.